JOSEPH TACOPINA, P.C.
321 Broadway
New York, New York, 10007
Tel. (212) 227-8877
Fax: (212) 619-1028

LAW OFFICES OF THOMAS M. MULLANEY
708 Third Avenue, Suite 2500
New York, New York, 10017
Tel. (212) 223-0800
Fax: (212) 661-9860
Attorneys for Plaintiffs
Shirley Shepard and Andrea Shepard

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- X

SHIRLEY SHEPARD,                          :        **ECF CASE**
and ANDREA SHEPARD,                       :
                                          :        04-CV-7058 (MBM)(FM)
                 Plaintiffs,              :
                                          :        **JURY TRIAL DEMANDED**
        -against-                         :
                                          :
ROSIE O'DONNELL,                          :
                                          :
                 Defendant.               :
                                          :
--------------------------------------------------------- X

## COMPLAINT AND JURY DEMAND

Plaintiffs Shirley Shepard and Andrea Shepard, by their attorneys Joseph Tacopina, P.C.,

and The Law Offices of Thomas M. Mullaney, as and for their verified complaint against Rosie

O'Donnell, allege as follows:

## INTRODUCTION

1.      This is a civil action arising under the laws of the United States and the State of

New York and is brought pursuant to the Copyright Act of 1976, as amended, Title 17, United

States Code, Section 501, *et seq.* (the "Copyright Act"), Section 43(a) of the Lanham Act, Title

15, United States Code, Section 1125(a) (the "Lanham Act"), and the common law of the State of New York, alleging claims of copyright infringement, unfair competition, fraudulent inducement/misrepresentation, and unjust enrichment.

2.      Plaintiffs Shirley and Andrea Shepard are mother and daughter courtroom sketch artists, who seek equitable and monetary relief under the Copyright Act and the common law of the State of New York, including all damages available under the Copyright Act, punitive damages, a permanent injunction, and all other appropriate relief to which they are entitled under law.

## PARTIES

3.      Plaintiff Shirley Shepard is currently a resident of the State of New York, County of New York.  Shirley Shepard and her daughter plaintiff Andrea Shepard are courtroom sketch artists who work in the New York State and federal courthouses.

4.      Plaintiff Andrea Shepard is currently a resident of the State of New York, County of New York.  Andrea Shepard and her mother plaintiff Shirley Shepard (together, the "Shepards") are courtroom sketch artists who work in the New York state and federal courthouses.

5.      Upon information and belief, at all relevant times, defendant Rosie O'Donnell was and is a resident of the State of New York, is a notorious political activist, television and film actor, operator of various not-for-profit organizations, and has committed the acts hereinafter complained of in the State of New York.

## JURISDICTION

6.      Pursuant to Title 28, United States Code, Sections 1331 and 1338(a), this Court is vested with jurisdiction over the claim alleged in the First Cause of Action, *infra*, because the

claim arises under the Copyright Act. Pursuant to Title 28, United States Code, Section 1338(b), this Court has jurisdiction over the claim alleged in the Second Cause of Action because this claim for unfair competition is joined with a substantial and related claim under the Copyright Act. Pursuant to Title 28, United States Code, Section 1367(a), this Court has supplemental jurisdiction over the New York State common law claims alleged in the remaining Causes of Action, *infra*.

7.      All conditions precedent to jurisdiction under the Copyright Act have occurred or been satisfied.

## VENUE

8.      Venue is proper in this District pursuant to Title 28, United States Code, Sections 1391(b) and 1400(a) in that defendants and/or their agent reside in this District and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this District.

## FACTUAL BACKGROUND

9.      Plaintiffs are well respected New York courtroom sketch artists working in the New York state and federal courthouses. Plaintiffs are in the business of selling their original pastel courtroom sketches, photographic copies of those sketches, and other artwork.

10.     The Shepards were the courtroom sketch artists during the trial of the $100 million breach of contract suit between defendant Rosie O'Donnell and the publisher of the now defunct "Rosie" magazine, Gruner + Jahr USA (the "O'Donnell Trial"). The O'Donnell Trial was held in and before the New York State Supreme Court, at the courthouse located at 60 Centre Street, New York, New York, during the months of October and November 2003.

11.     During the O'Donnell Trial, the Shepards created sketches of the parties' attorneys, Supreme Court Justice Ira Gammerman, and the numerous testifying witnesses, including defendant Rosie O'Donnell.

12.     Upon information and belief, on or about November 11, 2003, defendant Rosie O'Donnell told a reporter from Fox 5 New York, Ms. Helen Lucaitis, that she "has been fascinated by the courtroom sketch artists and their sketches" and that she "plans to buy all of them, sign them, sell them on Ebay and donate all of the money to charity."

13.     Upon information and belief, New York Post columnist Cindy Adams also reported that defendant Rosie O'Donnell had an interest in purchasing the plaintiffs' courtroom sketches.

14.     On or about November 19, 2004, Ms. Kelli O'Donnell, identifying herself as Rosie's partner, emailed the Shepards and informed them that defendant Rosie O'Donnell "would like to purchase all of the sketches" from the O'Donnell Trial, and requested a price for all of the sketches.

15.     Further discussions were had by telephone between the Shepards and defendant Rosie O'Donnell's representatives.  The Shepards provided the requested sale price to defendant's representatives, in the amount of $5,000.00 per pastel drawing and $200,000.00 for all thirty-nine (39) drawings.  Plaintiff's competitors sell their courtroom sketches for as much as $9,500.00 each.

16.     At the conclusion of the O'Donnell Trial, the Shepards provided to defendant Rosie O'Donnell two (2) digital photographic images of the first thirty-four (34) of the thirty-nine (39) pastel sketches made during the O'Donnell Trial, identified by name, for the purpose of allowing defendant the opportunity to review the sketches, and allow her to select the sketches or

photographs she wished to purchase, in the event she changed her mind about purchasing all of the sketches.

17.    Each photographic image provided to defendant bears the Shepards' name, address, and telephone number at the top, and a Copyright notice at the bottom, stating "COPYRIGHT 2003 SHEPARD, NOT FOR REPRODUCTION INCLUDING PHOTOGRAPHS." A copy of the two (2) photographic images are attached hereto as Exhibit "A".

18.    One photographic image contains images of the following twenty-four (24) pastel sketches entitled, "10/30/03 #1 Opening," "10/30 #2," "10/30 #3," "10/30 #4," "10/30 #5," "10/30 #6," "10/30 #7," "11/3 #1 Jane Farrell," "11/3 #2 Susan Toepfer," "11/3 #3 Toepfer," "11/3 #4," "11/5 #1 Cindy Spengler," "11/5 #2 Spengler," "11/5 #3," "11/5 #4 Dan Brewster," "11/5 #5 Brewster," "11/6 #1 Brewster," "11/6 #2 Dan Rubin," "11/6 #3 Kenneth Collins," "11/6 #4 Rosie O'Donnell," "11/6 #5 O'Donnell," "11/6 #6 O'Donnell," "11/7 #1 O'Donnell," and "11/7 #2 O'Donnell." *See* Ex. A.

19.    The other photographic image contains images of the following fifteen (15) pastel sketches entitled, "11/7 #3 O'Donnell," "11/7 #4 O'Donnell," "11/7 #5 Marybeth Dulaney," "11/7 #6 O'Donnell," "11/10 #1," "11/10 #2," "11/10 #3," "11/10 #4," "11/10 #5," "11/10 #6," "11/10 #7," "11/12 #1," "11/12 #2," "11/12 #3," and "11/12 #4." *See* Ex. A.

20.    The Shepards have registered the entire set of thirty-nine (39) pastel courtroom sketches with the United States Copyright Office, with an effective registration date of June, 24, 2004 (the "Works"). A copy of the Shepards' copyright registration application and return-receipt from the Copyright Office are attached hereto as Exhibit "B".

21.     On or about May 20, 2004, POP International Gallery located at 473 West Broadway, New York, New York ("Gallery"), had its opening night for the display of certain of defendant Rosie O'Donnell's artwork.  Plaintiffs were not invited to attend.

22.     Among the artwork defendant was showing and selling at the Gallery was a large piece of art, approximately 36" x 40" unframed, identified as "#475," which incorporates images of the Shepards' pastel courtroom sketches, taken from one of the Shepards' photographic images that was provided to defendant at the end of the O'Donnell Trial (the "Infringing Artwork").  Plaintiffs did not and have not consented to defendant's use of the photographic image depicting Plaintiff's pastel courtroom sketches, and were never asked to so consent.

23.     Upon information and belief, defendant Rosie O'Donnell vertically cut in half a copy of one of the photographic images, and inserted the right half of the image, horizontally, into the Infringing Artwork, showing the bottom four of the six rows of courtroom sketches, including "11/3 #4," "11/5 #1 Cindy Spengler," "11/5 #4 Dan Brewster," "11/5 #5 Brewster," "11/6 #3 Kenneth Collins," "11/6 #4 Rosie O'Donnell," "11/7 #1 O'Donnell," and "11/7 #2 O'Donnell."

24.     The Shepards' name, address, and telephone number at the top of the photographic image was also removed by defendant, but remaining at the bottom of the photographic image was the right hand portion of the copyright notice, "FOR REPRODUCTION INCLUDING PHOTOGRAPHS."

25.     Defendant Rosie O'Donnell also inserted the left half of the photographic image in the Infringing Artwork, with all six rows of courtroom sketches showing, and two of the four sketches appearing across the page, which was cut in half, including "10/30/03 #1 Opening," "10/30 #2," "10/30 #5," "10/30 #6," "11/3 #2 Susan Toepfer," "11/3 #3 Toepfer," "11/5 #2

Spengler," "11/5 #3," "11/6 #1 Brewster," "11/6 #2 Dan Rubin," "11/6 #5 O'Donnell," "11/6 #6 O'Donnell." The Shepards' name, address, and telephone number at the top of the photographic image was also removed by defendant, as was the left hand portion of copyright notice, "COPYRIGHT 2003 SHEPARD."

26.    Defendant Rosie O'Donnell is offering the Infringing Artwork at the Gallery for the sale price of $8,500.00.

27.    Upon information and belief, in or about July 2004, defendant Rosie O'Donnell temporarily removed the Infringing Artwork from the Gallery and took it to a Key West Florida gallery ("Florida Gallery") to show and offer it for sale.

28.    Upon information and belief, the Infringing Artwork was offered for sale at the Florida Gallery for the same sale price of $8,500.00.

29.    Upon information and belief, to the current date, defendant continues to display the Infringing Artwork and to offer it for sale at the Gallery, the Florida Gallery, and/or on the Gallery's website.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Copyright Infringement

30.    Plaintiffs repeat and reallege paragraphs 1 through 29 as if fully set forth herein.

31.    The Shepards have complied with all statutory requirements in securing federal statutory copyright for the Works under the Copyright Laws of the United States.

32.    The Shepards are the sole authors and owners of the Works, which appear in the Infringing Artwork.

33.     Upon information and belief, defendant Rosie O'Donnell initially displayed and offered for sale the Infringing Artwork on May 20, 2004, and has continued to do so to this date.

34.     The Shepards filed for copyright registration in the Works, with the effective date of such registration being June 25, 2004.

35.     The Infringing Artwork incorporates direct copies and the original photographic image of the Works.

36.     At all times, the Shepards have been and still are the owners and proprietors of all right, title and interest in and to the Works and the copyright thereto. The copyright is valid and subsisting in full force and effect.

37.     Without the consent, approval or license of the Shepards, defendant Rosie O'Donnell has willfully infringed upon the Works, created and owned by the Shepards and subject to Copyright registration. Upon information and belief, defendant Rosie O'Donnell has caused to be displayed, printed, copied and distributed to the public, copies of the Infringing Artwork that infringe the Works.

38.     Defendant Rosie O'Donnell's infringement has been willful and deliberate; the Shepards are entitled to recover increased damages as a result of such willful infringement.

## SECOND CAUSE OF ACTION

### Reverse Passing Off Under The Lanham Act

39.     Plaintiffs repeat and reallege paragraphs 1 through 38 as if fully set forth herein.

40.     The foregoing actions of defendant Rosie O'Donnell constitute implied and/or express reverse passing off under the Lanham Act because defendant Rosie O'Donnell removed or otherwise obliterated Plaintiffs' name from the photographic image and offered for sale or sold the photographic image in the Infringing Artwork.

41.     The foregoing actions of defendant Rosie O'Donnell constitute a false designation or representation, knowingly made in connection with the sale of any goods or services, for which Plaintiffs are entitled to recover damages.

42.     Defendant Rosie O'Donnell engaged in said unfair or deceptive trade practices willfully, knowing it to be deceptive.

43.     As a direct and proximate result of the actions of defendant Rosie O'Donnell, as herein alleged, Plaintiffs have suffered money damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### Unfair Competition (Reverse Passing Off)

44.     Plaintiffs repeat and reallege paragraphs 1 through 43 as if fully set forth herein.

45.     Defendant Rosie O'Donnell, by removing or otherwise obliterating Plaintiffs' name from the photographic image and offering for sale or selling the photographic image in the Infringing Artwork has misappropriated the labor and expenditures of Plaintiffs and has presented Plaintiffs' work as her own.

46.     The foregoing actions of Defendant Rosie O'Donnell constitute unfair competition under the laws of the State of New York because defendant's unauthorized use of Plaintiffs' photographic image in the Infringing Artwork constitutes a representation, knowingly made in connection with the sale of goods or services, which representation might have, tended to, or did deceive persons as to possible affiliation, connection or association between Plaintiffs and defendant.

47.     The foregoing actions of Defendant Rosie O'Donnell therefore constitute an unfair or deceptive trade practice, for which Plaintiffs are entitled to recover damages.

48.     Defendant Rosie O'Donnell engaged in said unfair or deceptive trade practices willfully, knowing it to be deceptive.

49.     As a direct and proximate result of the actions of defendant Rosie O'Donnell, as herein alleged, Plaintiffs have suffered money damages in an amount to be determined at trial.

50.     In light of the willful and egregious conduct by defendant Rosie O'Donnell, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### Unfair Competition

51.     Plaintiffs repeat and reallege paragraphs 1 through 50 as if fully set forth herein.

52.     The foregoing actions of Defendant Rosie O'Donnell violated Plaintiffs' right not to have their work used by defendant in a manner suggesting that Plaintiffs were associated with defendant.

53.     The foregoing actions of Defendant Rosie O'Donnell constitute unfair competition under the laws of the State of New York because defendant's unauthorized use of Plaintiffs' photographic image in the Infringing Artwork constitutes a representation, knowingly made in connection with the sale of goods or services, which representation might have, tended to, or did deceive persons as to possible affiliation, connection or association between Plaintiffs and defendant.

54.     The foregoing actions of Defendant Rosie O'Donnell therefore constitute an unfair or deceptive trade practice, for which Plaintiffs are entitled to recover damages.

55.     Defendant Rosie O'Donnell engaged in said unfair or deceptive trade practices willfully, knowing it to be deceptive.

56.     As a direct and proximate result of the actions of defendant Rosie O'Donnell, as herein alleged, Plaintiffs have suffered money damages in an amount to be determined at trial.

57.     In light of the willful and egregious conduct by defendant Rosie O'Donnell, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Fraudulent Inducement/Misrepresentation

58.     Plaintiffs repeat and reallege paragraphs 1 through 57 as if fully set forth herein.

59.     Plaintiffs properly relied on defendant Rosie O'Donnell's, her agents, employees, and representatives material representations that she was interested in purchasing all of the pastel courtroom sketches that Plaintiffs created during the O'Donnell Trial.

60.     Plaintiffs did not know that defendant's statements were false, but believed them to be true.  Had Plaintiffs known that the statements were false, Plaintiffs would not have provided defendant access to their photographic images of the pastel courtroom sketches. Plaintiffs relied on defendant's representations as a basis for providing defendant access to the photographic images of the pastel courtroom sketches.

61.     Defendant knew at the time she made, or caused to be made, these material representations to Plaintiffs that they were false and deliberately and with scienter made them nevertheless for the purpose of inducing Plaintiff to provide defendant access to Plaintiff's photographic images of their pastel courtroom sketches.  Defendant had no intention of purchasing the pastel courtroom sketches that Plaintiffs created during the O'Donnell Trial.

62.     By reason of the foregoing, Plaintiffs have suffered money damages in an amount to be determined at trial.

63.    In light of the willful and egregious conduct by Defendant, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment

64.    Plaintiffs repeat and reallege paragraphs 1 through 63 as if fully set forth herein.

65.    Defendant Rosie O'Donnell has benefited and been enriched by Plaintiffs' photographic images of their pastel courtroom sketches.

66.    Defendant has failed to compensate Plaintiffs for the benefit she has received.

67.    The failure of payment by Defendant has been to Plaintiffs' detriment.

68.    By reason of the foregoing, Plaintiffs have suffered money damages in an amount to be determined at trial.

## RELIEF REQUESTED

WHEREFORE, plaintiffs Shirley and Andrea Shepard demand Judgment as follows:

A.    As to the First Cause of Action, that pursuant to 17 U.S.C. § 502(a), defendant Rosie O'Donnell, her agents, servants and employees and all parties in privity with them, be enjoined during the pendency of this action and permanently enjoined from infringing Plaintiffs' copyrights in any manner, including, but not limited to, the display, copying, printing, reprinting, publishing, vending, distributing, selling, promoting, or advertising any copies of the Works, which copies include, but are not limited to, the Infringing Artwork;

B.    As to the First Cause of Action, that pursuant to 17 U.S.C. § 503(b), defendant Rosie O'Donnell be required to deliver up to be impounded during the pendency of this action the Infringing Artwork, all copies thereof, and thereafter to deliver up the same for destruction;

C.      As to the First Cause of Action, that pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, defendant Rosie O'Donnell be required to pay Plaintiffs such actual damages as they may have sustained in consequence of defendant's infringement and all profits of defendant from the sale, distribution, display, or licensing of the Infringing Artwork.  Plaintiffs further demand that defendant account for all gains, profits, and advantages derived by defendant from its display, sales, and licensing of the Infringing Artwork since the date of first infringement;

D.      As to the First Cause of Action, that pursuant to 17 U.S.C. § 504(c), defendant Rosie O'Donnell be required to pay an award of statutory damages in a sum of not less than $20,000.00 should this statutory remedy be elected;

E.      As to the First Cause of Action, that the Court find defendant Rosie O'Donnell's conduct was committed willfully, and that pursuant to 17 U.S.C. § 504(c), defendant be required to pay an award of increased statutory damages in a sum of not less than $100,000.00 for willful infringement should this statutory remedy be elected.

F.      As to the First Cause of Action, that pursuant to 17 U.S.C. § 505, defendant Rosie O'Donnell be required to pay Plaintiffs' full costs, legal expenses, and reasonable attorneys' fees in this action.

G.      As to the Second through Sixth Causes of Action, award Plaintiffs compensatory damages against defendant Rosie O'Donnell, including interest thereon, in an amount to be determined at trial;

H.      As to the Third through Sixth Causes of Action, award Plaintiffs punitive damages in an amount to be determined at trial;

I.      As to the Second through Sixth Causes of Action, award Plaintiffs their costs, legal expenses, and reasonable attorneys' fees;

J.      As to all Causes of Action, grant Plaintiffs such other and further relief as the

Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  New York, New York
        August 30, 2004

                                    Respectfully submitted,

                                    LAW OFFICES OF THOMAS M. MULLANEY

                                    By: _____
                                        Thomas M. Mullaney

                                    708 Third Avenue, Suite 2500
                                    New York, New York 10017
                                    (212) 223-0800

                                    JOSEPH TACOPINA, P.C.
                                    321 Broadway
                                    New York, New York 10007
                                    (212) 227-8877

                                    Attorneys for Plaintiffs
                                    Shirley and Andrea Shepard

## **VERIFICATION**

STATE OF NEW YORK    )
                       ) ss:
COUNTY OF NEW YORK  )

SHIRLEY SHEPARD, being duly sworn, deposes and says:

I am one of the plaintiffs in this action.  The foregoing complaint is true to my knowledge,

except at to matters therein stated to be upon information and belief, and as to those matters I

believe them to be true.

_Shirley Shepard_
Shirley Shepard

Sworn to before me this
____th day of August, 2004.

VINCENT FILARDO JR.
Notary Public, State of New York
No. 02FI6023166
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires April 18, 2007

_Vincent_
Notary Public

## VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK  )


ANDREA SHEPARD, being duly sworn, deposes and says:

I am one of the plaintiffs in this action.  The foregoing complaint is true to my knowledge,

except at to matters therein stated to be upon information and belief, and as to those matters I

believe them to be true.

_Andrea Shepard_
Andrea Shepard

Sworn to before me this
____th day of August, 2004.

VINCENT FILARDO JR.
Notary Public, State of New York
No. 02FI6023165
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires April 12, 2007

_Vincent F___
Notary Public